[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence March 5, 1993 Date of Application December 1, 1998 Date Application Filed December 8, 1998[1]
Date of Decision September 26, 2000
The petitioner was convicted by jury of three counts of sales of narcotics (in violation of C.G.S. § 21a-278 (b) on diverse dates to an undercover police officer. The trial court sentenced the petitioner to a net effective sentence of 20 years incarceration, 15 years of said sentence are mandatory minimum. It is this sentence that petitioner seeks to have reviewed.
At the hearing before the Division counsel for the petitioner stressed that the petitioner was approached over a period of months by the undercover officer who claimed to be addicted and sought the petitioner's help in the obtaining narcotics for her. After months of this solicitation by the undercover officer, the petitioner acceded to the requests. The counsel for petitioner further claimed that petitioner purchased the cocaine and delivered it to the officer; that the only CT Page 13552 profit the petitioner obtained was $5 for gas money. Counsel indicated that petitioner was "trapped by doing a favor for somebody . . ." and that there was no collateral proof that petitioner had engaged in other sales of narcotics. Counsel requested a reduction to a net sentence of 10 years concurrent.
The Petitioner did not wish to address the Division.
The counsel for the State countered that at the time of the sales of narcotics the petitioner was on parole for murder. Counsel indicated that the jury rejected the petitioner's defense of entrapment. Counsel stressed that the statutory scheme points out how serious the legislature considers the sale of narcotics: the third offense carries with it a mandatory 15 years prison sentence.
The trial court reviewed the PSI and had the benefit of presiding at the trial. The trial court found the jury verdict to be consistent and supported by the evidence. The trial court noted the petitioner was on parole for murder at the time of the narcotic sales, that petitioner shows no remorse for his actions whatsoever and there are not any signs of any positive change for the future. The trial court imposed the sentence as indicated.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. And Connecticut General Statute § 51-94 et seq.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
Miano, J., Klaczak, J., and Norko, J. participated in this decision.